UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Shawna S.,[1] | Case No. 23-cv-3814 (JMB/JFD) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Michelle King, Acting Commissioner for Social Security, | |
| Defendant. | |

Pursuant to 42 U.S.C. § 405(g), Plaintiff Shawna S. seeks judicial review of a final decision by the Defendant Acting Commissioner for Social Security denying Plaintiff's application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The matter is now before the Court on Plaintiff's Brief (Dkt. No. 14) and Defendant's Brief (Dkt. No. 16).

Plaintiff argues that the final decision should be reversed for three reasons. First, Plaintiff contends that the administrative law judge ("ALJ") who authored the final decision did not properly consider the effects of Plaintiff's alcohol use disorder and marijuana use in determining her residual functional capacity ("RFC"). Second, Plaintiff asserts that the ALJ erred by not determining whether drug addiction or alcoholism were material contributing factors to the disability determination. Third, Plaintiff, argues that the

---

[1] The District of Minnesota has adopted a policy of using only the first name and last initial of nongovernmental parties in Social Security cases.

1

ALJ erred by not including a limitation to jobs "in an alcohol-free workplace" in the RFC assessment. The Commissioner defends the ALJ's findings and conclusions on all three points and asks that the final decision be affirmed.

As set forth fully below, the Court finds that the ALJ's decision is supported by substantial evidence on the record as a whole and the ALJ committed no legal error. Accordingly, the Court recommends that the Commissioner's final decision be affirmed.

**I.  Background**

Plaintiff filed for DIB and SSI on August 28, 2020, alleging she had been disabled since October 30, 2019. (*See* Soc. Sec. Admin. R. (hereinafter "R.") 11.)[2] Plaintiff's alleged disabilities were fibromyalgia, carpal tunnel syndrome, a herniated disc, sinus tachycardia, major depressive disorder, idiopathic hypersomnia, anxiety, and irritable bowel syndrome. (*See* R. 147.)

**A.  Relevant Facts[3]**

At the request of the ALJ, Michael Lace, Psy.D. provided a medical opinion on December 2, 2021, concerning Plaintiff's mental impairments. (R. 1380–85.) Dr. Lace specified Plaintiff's mental impairments as major depression, generalized anxiety, dysthymia, and alcohol abuse. (R. 1381.) He found her mental status examinations

---

[2] The Social Security administrative record is filed at Dkt. No. 12. The record is consecutively paginated on the lower right corner of each page, and the Court's record citations are to those page numbers.

[3] The Court limits its summary of relevant facts to the three issues presented for judicial review.

"variable but generally within normal limits." (R. 1381.) Dr. Lace opined that Plaintiff had mild limitations in understanding, remembering, and applying information, and in interacting with others; and that she had moderate limitations in concentrating, persisting, or maintaining pace, and in adapting or managing herself. (R. 1382.) Dr. Lace further opined that Plaintiff should be limited to work with no fast-paced production-line requirements, to an alcohol-free workplace, and to only routine tasks with few changes in the general nature of the tasks throughout the day. (R. 1385.)

B. **Procedural History**

Plaintiff's applications were denied at both the initial and reconsideration stages of review. She requested an administrative hearing before an ALJ, which was held on December 22, 2022. (*See* R. 11, 1725.) The ALJ issued a written decision on January 11, 2023, finding that Plaintiff was not disabled. (R. 29.) The ALJ followed the familiar five-step sequential analysis described in 20 C.F.R. §§ 404.1520 and 416.920 in making that determination.[4] At each step, the ALJ considered whether Plaintiff was disabled based on the criteria of that step. If she was not, the ALJ proceeded to the next step. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

---

[4] The five steps are "(1) whether claimant is engaged in substantial gainful activity, (2) whether claimant has a severe impairment, (3) whether the impairment meets or equals the severity of a listed impairment, (4) whether claimant has the residual functional capacity to perform past relevant work activity, and (5) if claimant is unable to do past work, whether claimant can perform other work." *Delph v. Astrue*, 538 F.3d 940, 946 (8th Cir. 2008) (citing *Smith v. Shalala*, 987 F.2d 1371, 1373 (8th Cir. 1993)).

The ALJ first determined that Plaintiff had not engaged in substantial gainful activity since October 30, 2019. (R. 14.) At the second step, the ALJ found Plaintiff had the following severe impairments: "lumbar degenerative disc disease, carpal tunnel syndrome, fibromyalgia, chronic fatigue syndrome, obesity, hyperhidrosis hidradenitis suppurativa, idiopathic tachycardia, major depressive disorder, generalized anxiety disorder, alcohol use disorder, and marijuana abuse." (R. 14.) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix I. (R. 15.)

Between steps three and four, the ALJ assessed Plaintiff's RFC, which is a measure of "the most [she] can still do despite [her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The ALJ assessed Plaintiff with the RFC

> to perform sedentary work as defined in 20 [C.F.R. §§] 404.1567(a) and 416.967(a) except never climbing ladders, ropes, or scaffolds. Occasionally climbing ramps or stairs. Occasionally crouching, crawling, and kneeling. Frequently handling and fingering bilaterally. No exposure to dangers to life or limb in the workplace. Not required to work in high exposed places. With regards to concentration, persistence and pace, work is further limited to simple, routine, and repetitive tasks. Occasional changes in work setting. No public interaction. Brief and superficial interaction with supervisors and coworkers, meaning that the fifth digit of the DOT code is either a 7 or 8. No rapid assembly-line type work.

(R. 18.) As part of the RFC assessment, the ALJ considered the medical opinion from Dr. Lace. The ALJ found Dr. Lace's opinion "generally persuasive." (R. 26.) The ALJ also noted that Plaintiff reported daily use of marijuana to manage her pain. (R. 24.)

4

Proceeding to step four in the sequential evaluation, the ALJ considered whether Plaintiff could perform any of her past relevant work in light of the RFC assessed. (R. 27.) The ALJ determined that Plaintiff could not perform her past relevant work as a floor manager, resident care aide, parts clerk, stock clerk/cashier, or bowling alley attendant/bartender. (R. 27.) Thus, the ALJ proceeded to step five to consider whether jobs existed in the national economy that Plaintiff could perform, based on her age, education, work experience, and RFC. (R. 28.) Relying on hearing testimony from a vocational expert, the ALJ concluded that Plaintiff could work as a document preparer, inspector, or assembler. (R. 28.) Therefore, Plaintiff was not disabled under the Social Security Act. (R. 29.)

The Appeals Council denied Plaintiff's request for review of the ALJ's decision. (R. 1.) This made the ALJ's decision the final decision of the Commissioner for the purpose of judicial review.

## II.    Legal Standards

Judicial review of the Commissioner's denial of benefits is limited to determining whether substantial evidence on the record as a whole supports the decision, 42 U.S.C. § 405(g), or whether the ALJ's decision resulted from an error of law, *Nash v. Comm'r, Soc. Sec. Admin.*, 907 F.3d 1086, 1089 (8th Cir. 2018). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002) (citing *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000)). The Court must

examine "evidence that detracts from the Commissioner's decision as well as evidence that supports it." *Id*. (citing *Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000)). The Court may not reverse the ALJ's decision simply because substantial evidence would support a different outcome, or because the Court would have decided the case differently. *Id.* (citing *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993)). In other words, if it is possible to reach two inconsistent positions from the evidence and one of those positions is that of the Commissioner, the Court must affirm the decision. *Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir. 1992).

A claimant has the burden to prove disability. *See Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995). To meet the definition of disability for DIB and SSI, the claimant must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

### III. Discussion

#### A. The ALJ Properly Considered Plaintiff's Alcohol Use Disorder and Marijuana Use in Determining Plaintiff's RFC.

Plaintiff points out that the ALJ determined that her alcohol use disorder and marijuana abuse were severe impairments but did not discuss how the impairments affect her ability to function in the workplace. (Pl.'s Br. at 10, Dkt. No. 14.) Plaintiff identifies several records documenting that she was diagnosed with alcohol use disorder, that she had a history of alcohol dependency, that she used marijuana almost daily, and that she

6

continued to drink alcohol. (*Id.* at 11 (citing R. 537, 550, 559, 571, 577, 623, 1381)).) She contends that since the ALJ determined that alcohol use disorder and marijuana abuse were severe impairments, those impairments "must have" some impact on her ability to work, and if not, the ALJ should have explained why.

The definition of a severe impairment is "any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). "A finding that an impairment is severe cannot square with a conclusion that it imposes no limitations. It is axiomatic that a severe impairment imposes limitations, and an impairment that imposes no limitations is not severe." *Pickens v. Berryhill*, No. 4:18-CV-212-JLH-BD, 2019 WL 1219707, at *2 (E.D. Ark. Mar. 15, 2019), *R. & R. adopted*, 2019 WL 1449618 (E.D. Ark. Apr. 1, 2019). But any error arising from the ALJ's failure to link specific limitations to Plaintiff's alcohol use disorder and marijuana use in the RFC was harmless. Plaintiff neither sought nor received any specialized treatment for those impairments. She did not discuss substance abuse with her therapist Kaylie Broberg in almost two years of treatment, nor did Ms. Broberg document substance abuse in progress notes. (*E.g.*, R. 1310–54.) Moreover, Plaintiff has not identified any limitations attributable to alcohol use disorder or marijuana use that should have been included in the RFC. She suggests "potential absenteeism," but as Plaintiff herself indicates through her use of the word "potential," this is a possible limitation, not an actual limitation. Plaintiff identifies no evidence in the record linking her alcohol and marijuana use with absenteeism. Plaintiff's providers' rote documentation in

progress notes of her daily use of marijuana and social consumption of alcohol does not support or establish a limitation. Therefore, even if the ALJ erred by not explicitly discussing why alcohol use disorder and marijuana use did not affect her ability to function in the workplace, the error was harmless.

      **B.**    **The ALJ Was Not Required to Consider Whether Drug Addiction or Alcoholism Were Material Contributing Factors to the Disability Determination.**

Plaintiff contends the ALJ erred by not considering whether drug addiction or alcoholism were contributing factors material to the disability determination. (Pl.'s Br. at 16.) Plaintiff relies on 20 C.F.R. §§ 404.1535 and 416.935, which provide in relevant part: "If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability . . . ." 20 C.F.R. §§ 404.1535(a), 416.935(a). "The plain text of the relevant regulation requires the ALJ *first* to determine whether [the claimant] is disabled." *Brueggemann v. Barnhart*, 348 F.3d 689, 694 (8th Cir. 2003) (emphasis added). Here, the ALJ did not find that Plaintiff was disabled in the first instance, and thus, the ALJ was not required to determine whether her drug addiction or alcoholism was a contributing factor material to the determination of disability.

      **C.**    **The ALJ Did Not Err by Omitting the Limitation to an Alcohol-Free Workplace.**

Plaintiff's final argument is that the ALJ failed to include a limitation to an alcohol-free workplace in the RFC, even though the ALJ found Dr. Lace's opinion persuasive. (Pl.'s Br. at 25.) "[A]n ALJ is not required to incorporate every limitation recommended

8

in a medical opinion." *Dana H. v. O'Malley*, No. 23-CV-01912 (JMB/DJF), 2024 WL 4199135, at *2 (D. Minn. Sept. 16, 2024) (citing *Burns v. Saul*, No. C18-72-LTS, 2020 WL 13548685, at *7 (N.D. Iowa Jan. 10, 2020)). "Instead, the ALJ is required to synthesize 'all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of her limitations' to establish the claimant's maximum capability for work." *Id.* (quoting *Schmitt v. Kijakazi*, 27 F.4th 1353, 1360 (8th Cir. 2022)) (cleaned up); *see also Wyatt v. Kijakazi*, No. 23-1559, 2023 WL 6629761, at *1 (8th Cir. Oct. 12, 2023) (finding no error because "[t]he ALJ was not required to adopt the exact limitations set forth in the opinions she found persuasive, and substantial evidence supported the RFC findings").

Substantial evidence supports omitting the alcohol-free workplace limitation from Plaintiff's RFC because the record contains no evidence that alcohol use disorder affected her ability to function in the workplace. Rather, substantial evidence supports the omission of the limitation. When asked to list all the conditions that limited her ability to work, Plaintiff did not list alcohol. Use. (R. 431.) Plaintiff did not mention substance abuse in self-completed Function Reports. (R. 440–45, 476–83.) Plaintiff told providers that she drank only approximately three cans of beer per week. (*E.g.*, R. 545, 563, 593, 606, 878.) Medical expert John Anigbogu, M.D., who testified at the administrative hearing, did not identify any limitations caused by alcohol use. (*See* R. 1753–59.) Plaintiff's therapist, Alex Mullins, provided a medical source statement in October 2021 indicating that alcohol use was not applicable to any work restrictions. (R. 1368).

9

In addition, Plaintiff's argument fails because including the alcohol-free workplace restriction in the RFC would not have altered the outcome. In other words, any error was harmless. The ALJ determined that Plaintiff could work as a document preparer, inspector, or assembler. The descriptions of these jobs in the Dictionary of Occupational Titles do not contemplate any exposure to alcohol. *See Dictionary of Occupational Titles* DICOT 249.587-018 (document preparer), 669.687-014 (inspector), 739.687-066 (assembler). Plaintiff has not explained how including the alcohol-free workplace limitation in the RFC would have precluded any of these jobs.

## IV. Recommendation

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. The relief requested in Plaintiff's Brief (Dkt. No. 14) be **DENIED**;

2. The relief requested in Defendant's Brief (Dkt. No. 16) be **GRANTED**;

3. The Commissioner's final decision be affirmed; and

4. **JUDGMENT BE ENTERED ACCORDINGLY**.


Date: January 27, 2025                          *s/ John F. Docherty*
                                                JOHN F. DOCHERTY
                                                United States Magistrate Judge


## NOTICE

**Filing Objections**: This Report and Recommendation is not an order or judgment of the District Court and therefore is not appealable directly to the Eighth Circuit Court of

Appeals. Pursuant to D. Minn. LR 72.2(b)(1), a party may file and serve specific written objections to this Report and Recommendation within fourteen days. A party may respond to objections within fourteen days of being served a copy. All objections and responses must comply with the word or line limits set forth in LR 72.2(c).